UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09561 JAK (JEMx) | Date | May 25, 2022 |
|---|---|---|---|
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson-Terrell | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION FOR SUMMARY JUDGMENT (DKT. 38)**

**I.      Introduction**

On November 7, 2019, Brian Whitaker ("Plaintiff") brought this action against RCP Belmont Shore LLC, a California Limited Liability Company ("Defendant") and Does 1-10. Dkt. 1 (the "Complaint"). The Complaint alleges violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code. §§ 51-53. Dkt. 1 ¶¶ 21-35.

On December 11, 2019, Defendant filed a "Motion Pursuant to Section 12(b)(6)." Dkt. 10 (the "Motion to Dismiss"). On March 30, 2020, the Motion to Dismiss was granted insofar as it sought dismissal of the Unruh Act claim, for which supplemental jurisdiction was declined. Dkt. 30. The Motion to Dismiss was otherwise denied. *Id.*

On September 14, 2020 Plaintiff filed a "Motion for Summary Judgment." Dkt. 38 (the "Motion"). No opposition was timely filed. Dkt. 44. An Order was issued providing Defendant a final opportunity to file an opposition to the Motion by January 8, 2021. *Id.* The Order also provided that any opposition should be supported by a declaration by Defendant's counsel stating the reason that the opposition was not timely filed. *Id.*

On January 8, 2021 Defendant filed an opposition to the Motion. Dkt. 48 (the "Opposition").[1] Defendant's counsel filed the required declaration with the Opposition. Ex. FF to Opposition, Declaration of Michelle A. Dobson ("Dobson Decl.") Dkt. 48-32. Based on a review of the declaration, and in the interest of judicial and party efficiency, there is sufficient good cause to consider the Opposition. Plaintiff will not be prejudiced by this determination because he has been provided sufficient time to reply and did so on January 22, 2021. Dkt. 50 (the "Reply").

Based on a review of the matters presented by the Motion, and pursuant to L.R. 7-15, a determination

---

[1] Defendant filed identical oppositions to the Motion at Dkt. 47 and Dkt. 48. The later-filed opposition includes exhibits. The references in this Order to the "Opposition," are to that later version.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09561 JAK (JEMx) | Date | May 25, 2022 |
|---|---|---|---|
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | |

has been made that the Motion may be decided without oral argument. Dkt. 51 For the reasons stated in this Order, the Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## II.     Request for Judicial Notice

Defendant seeks judicial notice of the Complaint in this action and those filed in the following actions:

- *Brian Whitaker v. LSB Property Management et al.*, No. 2:19-cv-09607-DSF (MAAx) (C.D. Cal. Nov. 7, 2019);
- *Brian Whitaker v. JAC Equity, LLC et al.*, No. 2:19-cv-09931-GW (MRWx) (C.D. Cal. Nov. 20, 2019);
- *Brian Whitaker v. Ij Lee, Inc. et al.,* No. 2:19-cv-09667-JAK (MAAx) (C.D. Cal. Nov. 11, 2019);
- *Brian Whitaker v. Park & Second, LLC et al.*, No. 2:19-cv-09457-JAK (ASx) (C.D. Cal. Nov. 3, 2019);
- *Brian Whitaker v. PLH Holdings LLC et al.*, No. 2:19-cv-09932-CJC (RAOx) (C.D. Cal. Nov. 20, 2019);
- *Brian Whitaker v. 5018 E2 LLC et al.*, No. 2:19-cv-09679-JFW (JCx) (C.D. Cal. Nov. 12, 2019);
- *Brian Whitaker v. The Belmont, et al*., No. 2:19-cv-09963-RGK (GJSx) (C.D. Cal. Nov. 21, 2019); and
- *Brian Whitaker v. Panama Joes Investors LLC,* No. 2:19-cv-09676-DSF (SSx) (C.D. Cal. Nov. 12, 2019).

*See* Opposition at 4-7. A court may take judicial notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Under this standard, judicial notice may be taken of documents on file in federal or state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

Plaintiff does not challenge the authenticity of these complaints, or otherwise oppose Defendant's request. Accordingly, judicial notice is taken of the complaints, except of the one filed in this action, for which judicial notice is unnecessary. Judicial notice is taken to establish the existence of the complaints and related litigation, not of the truth of the matters alleged in them.

## III.    Factual Background

### A.     Parties

Plaintiff suffers from a spinal cord injury that substantially limits his ability to walk. *See* Separate Statement of Disputed Facts and Law in Opposition to Plaintiff's [Motion] for Summary Judgment ("SDF") Dkt. 49 ¶ 1. He uses a wheelchair for mobility. *Id.* Plaintiff declares that he "consider[s himself] an ADA advocate" and has "been very active in suing businesses." Ex. 1 to Motion ("Whitaker Decl.") Dkt 38-3 ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09561 JAK (JEMx) | Date | May 25, 2022 |
|---|---|---|---|
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | |

Defendant owns Rance's Chicago Pizza (the "Restaurant"), which is located at 5258 E. 2nd Street, Long Beach, California. SDF ¶¶ 2, 3. The Restaurant is open to the public, a place of public accommodation and a business establishment. *Id.* ¶ 4.

      B.      Plaintiff's Visit to the Restaurant

Plaintiff visited the Restaurant on October 24, 2019, both to eat and to assess the Restaurant for compliance with disability laws. *Id.* ¶ 5. Plaintiff declares that the outdoor dining area had "pedestal style tables with a round base." Whitaker Decl. ¶ 4. Plaintiff declares he "could immediately tell from the style of the tables that the tables did not have enough toe and knee clearance for someone like [him] who uses a wheelchair for mobility." *Id.* In support of the Motion, Plaintiff filed pictures that he took of the outdoor tables at the Restaurant. *Id.* ¶ 6, Ex 2 to Motion ("Whitaker Photos") Dkt. 38-4. Plaintiff declares that he "did not want to embarrass [himself by] trying to use the table, so [he] decided to leave without further patronizing the Restaurant." Whitaker Decl. ¶ 5.

On November 4, 2019 an investigator hired by Plaintiff's counsel, Evans Louis ("Louis"), went to the Restaurant to take photographs and measurements. Ex. 3 to Motion ("Louis Decl.") Dkt. 38-5 ¶¶ 1–3. Louis declares that the outdoor dining tables had approximately three inches of toe clearance. *Id.* ¶ 4. He declares that the sales counter inside the Restaurant was approximately 42 inches high. *Id.* ¶ 5; *see id.* ¶ 6. He further declares that the restroom mirror was approximately 50 inches above the floor. *Id.* ¶ 7. In support of the Motion, Plaintiff filed pictures that Louis took of the outdoor tables and restroom mirror. Ex. 4 to Motion ("Louis Photos") Dkt. 38-6.

Plaintiff declares he is "currently deterred from visiting the Restaurant because of [his] knowledge of the condition of the dining tables." Whitaker Decl. ¶ 8. Plaintiff declares he has "also been informed that the sales counters and restrooms at the Restaurant are not accessible to persons with disabilities." *Id.* Plaintiff declares he intends to patronize the Restaurant when the purported ADA barriers have been removed. *Id.* ¶ 9.

      C.      Defendant's Alterations to the Restaurant

A principal of Defendant, Aaron Tofani ("Tofani"), declares that Defendant conducted an "ADA Accessibility Survey" and subsequently "engaged in construction to meet ADA compliance." Ex. J to Opposition ("Tofani Decl.") Dkt. 48-10 ¶ 4. It is unclear when the survey and construction occurred. In support of the Opposition, Defendant filed photographs of the Restaurant that reflect "changes made to [the] Restaurant based upon [the] accessibility survey." *See id.* ¶ 5.

Tofani's declaration refers to a "post inspection CASp Certificate," which is attached as an exhibit to the Opposition. Tofani Decl. ¶ 5. The Certificate states the property "has been inspected by a Certified Access Specialist (CASp)." Ex. DD to Opposition, Dkt. 48-30. The Certificate states, "ACCESS INSPECTED," but also, "THIS CERTIFICATE DOES NOT IMPLY THAT THIS FACILITY MEETS DESIGN AND CONSTRUCTION REQUIREMENTS FOR ACCESSIBILITY FOR INDIVIDUALS WITH DISABILITIES." *Id.* The Certificate identifies an inspection date of December 5, 2019. *Id.* Presumably this inspection occurred after alterations were made to the Restaurant based upon the accessibility survey, but it is not entirely clear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09561 JAK (JEMx) | | Date | May 25, 2022 |
|---|---|---|---|---|
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | | |

Defendant asserts that each ADA violation alleged by Plaintiff has been remediated. Dobson Decl. ¶ 6.

    1.    <u>Outdoor Tables</u>

"Several tables were removed or switched out and the aisles broadened." Dobson Decl. ¶ 4. Photographs show outdoor tables that are not pedestal style and that have additional space for toe and knee clearance. Exs. P, Q, R, S, T, U to Opposition (collectively "Outdoor Table Photographs") Dkts. 48-16 – 48-21.

    2.    <u>Sales Counter</u>

"An ADA [c]ompliant sales counter was added" to the Restaurant. Dobson Decl. ¶ 4. Photographs show a lowered sales counter. Exs. K, L, M, N to Opposition (collectively "Sales Counter Photographs") Dkts. 48-11 – 48-14.

    3.    <u>Restroom</u>

Tofani declares the Restaurant's restroom was converted to be "[e]mployees [o]nly," and is no longer available to the public. Tofani Decl. ¶ 4. A photograph shows a table blocking a hallway, with a paper sign attached that reads, "NO PUBLIC RESTROOM." Ex. V to Opposition Dkt. 48-22. Photographs also show that the bathroom mirror has been lowered. Ex. X to Opposition Dkt. 48-24, Ex. Z to Opposition Dkt. 48-26. Those photographs provide support for the position that the mirror frame is approximately 39 inches above the ground, but the reflective surface of the mirror is approximately 41 inches above the ground. Ex. Z to Opposition Dkt. 48-26 at 2.

**IV.**    <u>**Analysis**</u>

    A.    Legal Standards

        1.    <u>Summary Judgment</u>

A motion for summary judgment will be granted where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials" show that there is "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a), (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the initial burden to show the basis for its motion and to identify those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *See id.* Where the nonmoving party will have the burden of proof on an issue, however, the movant need only demonstrate that there is an absence of evidence to support the claims of the nonmoving party. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth "specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex*, 477 U.S. at 324).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09561 JAK (JEMx) | Date | May 25, 2022 |
|---|---|---|---|
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | |

Only admissible evidence may be considered in connection with a motion for summary judgment. Fed. R. Civ. P. 56(c). However, in considering such a motion, a court is not to make any credibility determinations or weigh conflicting evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). All inferences are to be drawn in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). However, conclusory, speculative testimony in declarations or other evidentiary materials is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

      2.    <u>The ADA</u>

Title III of the ADA prohibits discrimination at places that are public accommodations. "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail on an ADA discrimination claim, a plaintiff must show that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters., Inc.,* 603 F.3d 666, 670 (9th Cir. 2010).

"In the context of existing facilities, discrimination includes 'a failure to remove architectural barriers ... where such removal is readily achievable.'" *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). Courts look to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") to determine "architectural barriers." *See id.* A violation of ADAAG standards constitutes a prima facie architectural barrier. *Chapman,* 631 F.3d at 947 ("Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA.").

"Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002).

      3.    <u>Mootness</u>

"Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (internal citations omitted); *see also Johnson v. Cal. Welding Supply, Inc.*, No. CIV. 2:11-01669 WBS (GGHx), 2011 WL 5118599, at *3 (E.D. Cal. Oct. 27, 2011) ("Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, meaning the court no longer has subject matter jurisdiction over the ADA claims.") (citing *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005)).

"[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09561 JAK (JEMx) | Date | May 25, 2022 |
|---|---|---|---|
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | |

recur." *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000); *see also Barnes v. Healy*, 980 F.2d 572, 580 (9th Cir. 1992) ("Voluntary cessation of an illegal course of conduct does not render moot a challenge to that course of conduct unless (1) there is no reasonable expectation that the wrong will be repeated, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.").

Structural changes more often result in mooting ADA claims because they are considered permanent changes which are unlikely to be altered in the future. *See, e.g.*, *Ramirez v. Golden Creme Donuts*, No. C 12-05656 LB, 2013 WL 6056660, at *2 (N.D. Cal. Nov. 15, 2013) ("[S]tructural improvements are less likely altered. For this reason, courts readily conclude that successful remedial efforts moot ADA claims.") (citing *Indep. Living Res. v. Or. Arena Corp.*, 982 F.Supp. 698, 774 (D.Or.1997)). "When considering non-structural features, courts have found that voluntary remediation of violations do not moot an issue because the violations could easily reoccur. To determine if the facts indicate a danger of future violations, courts consider the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the past violations." *Johnson v. Holden*, No. 5:18-cv-01624-EJD, 2020 WL 1288404, at *4 (N.D. Cal. Mar. 18, 2020) (internal quotations and citations omitted).

  B. Application.

Defendant does not dispute that Plaintiff is disabled or that it owns the Restaurant, and that it is a place of public accommodation. SDF ¶¶ 1-4. Moreover, Defendant does not meaningfully contest that Plaintiff was denied public accommodations by Defendant because of his disability.[2] *See generally* Opposition. Instead, Defendant relies on the contention that Plaintiff's claim is moot. Accordingly, the issue of mootness is addressed below with respect to each alleged barrier.

  1. <u>Outdoor Tables</u>

In the Reply, Plaintiff does not dispute that the claim is moot as it relates to the outdoor tables. *See* Reply at 2. Defendant has replaced the complained of "pedestal style" outdoor tables with tables that provide additional toe and knee clearance. *See* Outdoor Table Photographs; Dobson Decl. ¶ 4. Although the new tables appear to be portable, they constitute a structural change that is unlikely to be altered in the future. *See Marquez v. CMG Enters., LLC*, No. CV 19-6178-DMG (AGRx), 2020 WL 2303087, at *3 (C.D. Cal. Apr. 2, 2020) (removing and throwing away ticket dispenser on deli counter "[a]rguably" constituted a structural modification). Even if the new tables do not constitute a structural change, the effort and expense involved in replacing tables supports the "the bona fides of [Defendant's] expressed intent to comply" with the ADA. *Id.* (internal citations omitted). Plaintiff

---

[2] The Opposition could be interpreted as a challenge to whether Plaintiff has standing given that his history of bringing accessibility raises issues as to whether his assertions are reliable as to the alleged barriers preventing him from dining at the Restaurant and that he intends to return to the Restaurant once the barriers are removed. *See* Opposition at 7; Tofani Decl. ¶ 2; SDF ¶ 7. However, evidence of Plaintiff's litigation history was previously presented in connection with the Motion to Dismiss (Dkt. 10), and a determination was made that Plaintiff has standing to bring the ADA claim. Dkt. 30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09561 JAK (JEMx) | | Date | May 25, 2022 |
|---|---|---|---|---|
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | | |

concedes this issue by conceding mootness as to the outdoor tables. *See* Reply at 2. Therefore, Plaintiff's claim is moot to the extent it arises from allegations regarding the outdoor tables.

    2.    <u>Sales Counter</u>

In the Reply, Plaintiff does not dispute that the claim is moot as it relates to the sales counter. *See id.* Defendant has reconstructed the sales counter to make it ADA-compliant. Dobson Decl. ¶ 4. Photographic evidence shows that a lowered portion of the sales counter has been added. *See* Sales Counter Photographs. This change is a structural one that is unlikely to be altered in the future. Therefore, Plaintiff's claim is moot to the extent it arises from allegations regarding the sales counter.

    3.    <u>Restroom</u>

The ADAAG requires that "[m]irrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground." 36 C.F.R., Pt. 1191, App. D § 603.3. It is neither burdensome nor complex to replace, or lower the height of a mirror, so that it will be compliant with this requirement. *See Arroyo v. Melendez*, No. 2:19-cv-04811-ODW (JPRx), 2020 WL 869211, at *5 (C.D. Cal. Feb. 21, 2020). Louis declares that the bathroom mirror was approximately 50 inches above the floor. Louis Decl. ¶ 7.

In support of the Opposition, Defendant presented photographs that offered to support the claim that restroom mirror has been moved to comply with the ADAAG. Ex. Z, Ex. X to Opposition. Based on a review of the photographs, the non-reflective portion of the mirror appears to be less than 40 inches above the floor. Ex. Z to Opposition. However, a review of the photographs shows that the reflective portion is 41 inches above the floor. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09561 JAK (JEMx) | Date | May 25, 2022 |
|---|---|---|---|
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | |

The relevant photograph is reprinted here:



"'[O]bedience to the spirit of the ADA' does not excuse noncompliance with the ADAAG's requirements." *Chapman*, 631 F.3d at 945 (quoting *Long v. Coast Resorts, Inc.*, 267 F.3d 918, 923 (9th Cir. 2001)). "The ADAAG's requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches." *Id.* at 945-46. Thus, although the height of the mirror is only an inch above the maximum height set forth by the ADAAG, this constitutes a violation of the ADA. There is no triable issue of fact as to this issue.

In the Opposition, Defendant does not argue that the restroom mirror height is in compliance with the ADA. Instead, Defendant argues that Plaintiff's claim regarding the restroom mirror is moot because it has converted the restroom to be a facility that is "[e]mployees [o]nly." *See* Opposition at 9; Dobson Decl. ¶ 4. In support of the Opposition, Defendant presented a photograph showing a table that is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09561 JAK (JEMx) | Date | May 25, 2022 |
|---|---|---|---|
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | |

positioned in the pathway to the bathroom. Ex. V to Opposition. The table has a paper sign taped to it that states, "NO PUBLIC RESTROOM." *Id.* Defendant's counsel also declares that a braille sign has been added at that location, which states that the bathroom is "[e]mployees [o]nly." Dobson Decl. ¶ 4. In the Reply, Plaintiff argues that these changes are "policy and practice based" rather than physical changes, and for these reasons "the restroom can be converted back into a public restroom again in the future." Reply at 3.

The referenced photograph, which includes the table, is reprinted here:



Defendant's conversion of the restroom to one that is "[e]mployees [o]nly," is similar to the conversion made in *Ramirez*, 2013 WL 6056660 at *2. There, a defendant moved to dismiss a claim asserted under the ADA by arguing that the action was moot because "the restroom that is the subject of th[e]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09561 JAK (JEMx) | Date | May 25, 2022 |
|---|---|---|---|
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | |

action is not operated for public use." *Id. Ramirez* concluded that "remedying a violation by rendering a bathroom accessible more clearly establishes mootness than merely removing all access to the bathroom by anyone." *Id.* The decision then stated: "Denying access altogether seems closer to a promise or policy that can be more easily changed than a permanent structural improvement." *Id.* at *3. Given the early stage of litigation, *Ramirez* determined that, without evidence as to whether the restroom simply had a "closed" sign posted on the front door or had physical barriers in front, the issue could not be addressed. *Id.* Consequently, the motion to dismiss was denied, with discovery to follow on this issue. *Id.*

The present evidence does not show that there is no triable issue of fact as to whether the Defendant's actions with respect to the restroom constitute a policy change or a structural one. In light of the modest structure, i.e., a movable table, used to show that the restroom is closed to the public, Defendant has not made it "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. at 190. Nor has it done so with the respect to the small sign on the table that states, "NO PUBLIC RESTROOM." If the table is moved, the sign would move with it. The sign can also be removed easily. It is taped to the table. No evidence on the nature and location of the braille sign has been presented by Defendant. Therefore, Defendant has not shown sufficient evidence to show the absence of a triable issue of fact as to whether the violation will recur due to the limited changes. Whether the limitation on the use of the restroom will continue if there is an increase in the number of customers following fewer COVID restrictions also presents an issue as to the conversion of use defense. Finally, both Tofani and Defendant's counsel have declared that the restroom has been closed to the public. Tofani Decl. ¶ 4; Dobson Decl. ¶ 4. However, neither has declared that this change is permanent.

For these reasons, Defendant has not met the "formidable burden" of establishing mootness. *Friends of the Earth, Inc.*, 528 U.S. at 190. However, the evidence presented by Defendant, including the declarations stating that braille signs have been added and that they state that the restroom is "employee only," is sufficient to demonstrate that there is a triable issue of fact as to mootness. There is a genuine dispute of material fact as to whether the restroom is permanently closed to the public, or whether the closure to the public is merely a temporary policy change.

\*       \*       \*

For the reasons stated above, Plaintiff's claim is moot to the extent it is premised on allegations regarding the Restaurant's outdoor tables and sales counter. As to the mirror in the Restaurant's restroom, there is no genuine dispute that the height of the mirror does not comply with the ADA. However, there is a genuine factual dispute as to whether the ADA applies to that mirror because there is a triable issue as to whether the restroom will no longer be made available to the public.

**V.      Conclusion**

For the reasons stated in this Order, the Motion is **DENIED-IN-PART and GRANTED-IN-PART**.

The Motion is **DENIED** to the extent it seeks an injunction regarding the outdoor tables or sales counter. Plaintiff's claims regarding the tables and sales counter are **DISMISSED** because they are **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-09561 JAK (JEMx) | Date | May 25, 2022 |
| Title | Brian Whitaker v. RCP Belmont Shore LLC | | |

The Motion is **GRANTED IN PART**, *i.e.,* as to whether the restroom mirror is not in compliance with the ADA; provided, however, there remains a triable issue of fact as to whether an injunction may be issued to bring the restroom into compliance with the ADA.

**IT IS SO ORDERED.**

                                                                              : 

Initials of Preparer   TJ