CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
100 Pine St. Ste 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
chriss@potterhandy.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **Brian Whitaker,**<br><br>      Plaintiff,<br><br>v.<br><br>**RCP Belmont Shore LLC,** a California Limited Liability Company**;** and Does 1-10,<br><br>      Defendants. | ) Case No.: 2:19-cv-09561-JAK-JEM<br>)<br>) **PLAINTIFF'S MEMORANDUM OF**<br>) **CONTENTIONS OF FACT AND LAW**<br>)<br>) Pretrial Conference: October 24, 2022<br>) Time: 1:30 p.m.<br>)<br>) Complaint Filed: November 7, 2019<br>) Trial Date: November 8, 2022<br>)<br>) Honorable Judge John A. Kronstadt<br>) |

Pursuant to Local Rule 16-4, Plaintiff hereby submits his Memorandum of Contentions of Fact and Law.

1

# I. PRELIMINARY STATEMENT

Plaintiff Brian Whitaker is a California resident with physical disabilities. He suffers from a C-4 spinal cord injury. He is quadriplegic. He is substantially limited in his ability to walk and uses a wheelchair for mobility.

Defendant owned Rance's Chicago Pizza ("Restaurant"), located at 5258 E. 2nd Street, Long Beach, California. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

Dining surfaces, sales counters, and restrooms are some of the facilities, privileges, and advantages offered by Defendant to patrons of the Restaurant.

On October 9, 2020, Mr. Whitaker went to the Restaurant and found the dining surfaces to not provide sufficient toe and knee clearance. Plaintiff's prefiling investigation also revealed the sales counter was too high and that the restroom had noncompliant features.

Following the filing of this suit, Defendant took action to provide compliant dining surfaces and an accessible sales counter. Defendant also posted a paper sign that reads, "NO PUBLIC RESTROOM" and lowered the restroom mirror, though not to a compliant height.

Plaintiff moved for summary judgment. The Court denied Plaintiff's motion in part, finding the dining surface and sales counters moot. The Court granted Plaintiff's motion in part, finding the restroom mirror to be at a noncompliant height. The Court found a triable issue of fact, however, as to whether the restroom was closed to the public and, therefore, not required to comply with the ADA.

## II. PLAINTIFF'S CLAIMS

<u>Claim 1: Violation of the Americans with Disabilities Act of 1990 ("ADA")</u>

***Elements***

(1) The plaintiff is disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)];

(2) The defendants own, lease, or operate a place of public accommodation [42 U.S.C. § 12182(a)]; and

(3) The defendants discriminated against the plaintiff within the meaning of the ADA. The plaintiff will prove discrimination if:

(a) Defendants' facility had unlawful architectural barriers, the removal of which is readily achievable [42 U.S.C. § 12182(b)(2)(A)(iv)]; and

(b) Plaintiff encountered the architectural barrier, precluding him full and equal access to the facility [42 U.S.C. § 12188(a)].

***Key Evidence***

(1) The testimony of Plaintiff Brian Whitaker;

(2) The testimony of Evens Louis;

(3) The testimony Paul Bishop;

(4) Photographs of the Rance's Chicago Pizza, taken by Plaintiff during his October 24, 2019 visit;

(5) Photographs of the Rance's Chicago Pizza taken by Mr. Evens Louis on November 4, 2019;

(6) Photographs of The Rance's Chicago Pizza taken by Mr. Evens Louis on June 13, 2022;

(7) Photographs of the Rance's Chicago Pizza taken by Mr. Evens Louis on June 26, 2022;

(8) Photographs of the Rance's Chicago Pizza taken by Mr. Evens Louis on July 3, 2022

Anticipated Evidentiary Issues

None at this time.

Anticipated Issues of Law

Following Plaintiff's motion for summary judgment, the only undecided issue is whether the restroom at the Restaurant remains a benefit offered to patrons.

## III. BIFURCATION OF ISSUES

Plaintiff has, out of abundance of caution, listed witnesses and exhibits not necessary to address the remaining issue of whether the restroom remains a benefit to Restaurant patrons. Should the Court limit evidence at trial to that issue, Plaintiff would have no objection and would pare his witness and exhibit lists down significantly.

## IV. JURY TRIAL

The case is set for bench trial.

## V. ATTORNEYS' FEES

Attorneys' fees are recoverable under the ADA. Plaintiff anticipates filing a motion for attorneys' fees.

## VI. ABANDONMENT OF ISSUES

None.

Dated: October 3, 2022      CENTER FOR DISABILITY ACCESS

By: /s/ Christopher A. Seabock

CHRISTOPHER A. SEABOCK
Attorneys for Plaintiff