LAW OFFICES OF MICHELE A. DOBSON
Michele A. Dobson (Bar No. 192349)
3711 Long Beach Blvd., Suite 5047
Long Beach, CA 90807
Telephone 562.433.7718
Facsimile  562.433.7719
Email longbeachesq@gmail.com

Attorney for Defendant, RCP Belmont, LLC

UNITED STATES DISTRICT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRIAN WHITAKER,<br> Plaintiff, <br><br>v.<br><br>RCP BELMONT LLC, A California Limited Liability Company; and Does 1-10,<br><br>Defendant(s). | CASE NO.  2:19-CV-09561-JAK-JEM<br>Honorable Judge John A. Kronstadt<br><br>**DEFENDANT, RCP BELMONT, LLC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**Pretrial Conference: October 24, 2022**<br>**Time: 1:30 pm**<br><br>**Complaint Filed: November 7, 2019**<br>**Trial Date: November 8, 2022** |

**TO THIS HONORABLE COURT, TO ALL PARTIES AND TO THEIR**

**ATTORNEYS OF RECORD:**

1

Defendant RCP BELMONT LLC, a California Limited Liability Company ("Defendant") respectfully submits his Memorandum of Contentions of Fact and Law pursuant to Local Rule 16-4.

I.   **PRELIMINARY STATEMENT**:

Defendant owned Rance's Chicago Pizza ("Restaurant") located at 5258 E. 2ND Street, Long Beach, CA. The Restaurant is a facility opened to the public and a business establishment.

On October 9, 2020, Brian Whitaker ("Plaintiff") went into the restaurant and found the dining surfaces to not provide sufficient toe and knee clearance. Plaintiff's prefiling investigation also revealed the sales counter was too high and that the restroom had noncompliant features.

Following the filing of this suit, Defendant took action to provide compliant dining surfaces and an accessible sales counter. Defendant also posted a "NO PUBLIC RESTROOM" sign.

Plaintiff moved for summary judgment. The Court denied Plaintiff's motion in part, finding the dining surface and sales counters moot. The Court granted Plaintiff's motion in part, finding the restroom mirror to be a noncompliant height. The Court found a triable issue of fact, as to whether the restroom was closed to public and, therefore, not required to comply with ADA standards.

/// 

///

## II. **DEFENDANT'S CLAIMS**:

*Elements*

Fundamentally, Plaintiff cannot continue to sue under the ADA for alleged problems that have already been remedied by Defendants, Collectively. As to each and every one of the items that Plaintiff identified, Defendants, Collectively, has addressed it and either determined that the item was already in compliance, or accomplished a fix.

The alleged architectural barriers do not exist at the restaurant. Plaintiff's ADA claim must therefore be dismissed as moot, and because he lacks standing.  If this Court dismisses the ADA claim, there will no longer be any pending question of federal law; nor is there diversity of parties. Consequently, the Court may, and should, decline to exercise supplemental jurisdiction and dismiss Plaintiff's state law claims without prejudice. For all these reasons, Defendants, Collectively, are entitled to summary judgment as to each of Plaintiff's claims.   In the alternative, Defendants Collectively moves for Summary Adjudication as to specific items of injunctive relief requested by Plaintiff that are now moot or for which Plaintiff lacks standing to pursue.

*Key Evidence*

1.    Photos of restroom

2.    Photos of restroom signage

*Anticipated Evidentiary Issues*

None at this time.

///

*Anticipated Issues of Law*

Following Plaintiff's motion for summary judgment, the only undecided issue is whether the restroom at the Restaurant remains a benefit offered to patrons.

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Clark v. City of Lakewood, 259 F.3d 996, 1011 (9th Cir. 2001). "Past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." Renne v. Geary, 501 U.S. 312, 320-21 (1991) (citation omitted). "This requisite ensures that the courts are able to grant effective relief, rather than rendering advisory opinions." Medical Society of New Jersey v. Herr, 191 F. Supp. 2d 574, 581 (D.N.J. Mar. 21, 2002).

Mootness is a jurisdictional defect that can be raised at any time by the parties or the court sua sponte. Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir. 1989) ("this court cannot be divested of its obligation to consider the issue of mootness on the grounds that the timing or manner in which a party has raised the issue is somehow procedurally improper").

Here, the restroom is closed to the public and the plaintiff has been provided the photographs of the signage to prove it. Yet, we still continue to trial.

III. **BIFURCATION OF ISSUES**:

Defendant has, out of an abundance of caution, listed witness and exhibits not necessary to address the remaining issue of whether the restroom remains a benefit to Restaurant patrons. Should the Court limit evidence at trial to issue, Defendant would have no objection and would pare his witnesses and exhibits.

4

**IV. <u>JURY TRIAL</u>**

The case is set for bench trial.

**V.   <u>ATTORNEY FEES</u>**

Attorney fees are recoverable under the ADA. Defendant anticipates filing a motion for attorney fees if Defendant prevails.

**VI. <u>ABANDONMENT OF ISSUES</u>**

None.

Respectfully Submitted,

DATED:  October 11, 2022,          LAW OFFICES OF MICHELE A. DOBSON

/s/      Michele A. Dobson

_____

MICHELE A. DOBSON
Attorney for RCP BELMONT LLC

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case. All counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class mail.

DATED:  October 11, 2022,          LAW OFFICES OF MICHELE A. DOBSON

/s/     Michele A. Dobson

_____

MICHELE A. DOBSON
Attorney for RCP BELMONT LLC

6

## PROOF OF SERVICE
**Brian Whitaker v. RCP Belmont Shore LLC et al**
**2:19-cv-09561-JAK-JEM**

I, the undersigned, am over the age of eighteen years. I am not a party to the above-entitled action; my business address is 3711 Long Beach Blvd., Ste 5047, Long Beach, California 90807.

On October 13, 2022 I served the following document(s):
1. ***Defendant's Memorandum of Contentions of Fact and Law***
2. ***Defendant's Pretrial Disclosures***

Addressed to:
**Mark D Potter**
**Russell C Handy**
**Elliott Charles Montgomery**
**Dennis Jay Price, II**
**Isabel Rose Masanque**
**Josie Sue Zimmermann**
**Raymond George Ballister , Jr**
**Potter Handy LLP**
**100 Pine Street Suite 1250**
**San Francisco, CA 94111**

☒ **BY MAIL**: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.

☐ **BY FACSIMILE**: In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☐ **BY OVERNITE EXPRESS**: I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at Long Beach, California.

☐ **BY PERSONAL SERVICE**: I caused said documents to be personally served on all listed recipients via Signal Attorney Services.

☐ **BY ELECTRONIC SERVICE PROVIDER**: I caused the listed documents to be electronically filed and subsequently emailed to recipient(s) via the CM/ECF e-filing System. Upon approval of the document(s) by the court, an electronic mail message was transmitted to all parties on the Electronic Service list. The message identified the document(s) and provided instructions for accessing the document.

☒ **BY ELECTRONIC MAIL**: I caused a copy of said documents to be emailed to recipient(s).

Executed on October 13, 2022, from Long Beach, California.

- 1

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Brenda Aguilar_
Brenda Aguilar, assistant

- 2